# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| COMBAT ZONE CORP., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:12-CV-00509 |
| JOHN/JANE DOES 1-2, | § | JURY TRIAL REQUESTED |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Combat Zone Corp.'s ("Combat Zone") Motion for Expedited Discovery, filed August 24, 2012 (Dkt. No. 3) ("Motion"). The Court having considered the same finds that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART** for the reasons set forth below.

## I. Factual and Procedural Background

Combat Zone owns the copyright to certain adult entertainment products, including Internet website content, videos, DVDs, and photographs. On August 24, 2012, Combat Zone filed a complaint alleging that two Doe defendants (the "Doe Defendants") duplicated and distributed unauthorized and infringing copies of Combat Zone's motion picture "Horny Black Babysitters #3." Combat Zone further alleges that it knows each Doe Defendant only by the internet protocol ("IP") address used by each individual Doe defendant to distribute Combat Zone's copyrighted work using the BitTorrent protocol. In its Motion, Combat Zone claims that the true names and addresses of the Doe Defendants are unknown to Combat Zone, and that Combat Zone can only further identify the Doe Defendants through further investigation and

1

discovery. Thus, Combat Zone moves the Court to issue an order allowing Combat Zone to subpoena the Internet Service Providers of the IP addresses at issue, specifically: Cable Systems, Inc. d/b/a Suddenlink Communications and Cellco Partnership d/b/a Verizon Wireless (collectively, the "ISPs"). Such subpoenas seek information regarding the identity of the subscribers for the IP addresses in question. Combat Zone further requests permission to propound limited discovery in the form of interrogatories, admissions and depositions on each Doe Defendant, once identified by the ISPs.

## II. Legal Standards

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless the Court orders otherwise. An increasing majority of district courts, including several in the Fifth Circuit, have adopted a "good cause" standard to determine whether to permit such expedited discovery. *See, e.g.*, *St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239-40 (S.D. Tex. 2011) (citing *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005); *Dimension Data N. Am., Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 530-532 (E.D.N.C. 2005)); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *Paul v. Aviva Life and Annuity Co.*, 2009 U.S. Dist. LEXIS 106483, 2009 WL 3815949, at *1 (N.D. Tex. Nov. 12, 2009); *Rodale, Inc. v. U.S. Preventive Med., Inc.*, 2008 U.S. Dist. LEXIS 84323, 2008 WL 4682043, at *1 (E.D. Tex. Oct. 21, 2008). In addition, when considering motions for expedited discovery to identify anonymous Internet users, courts have developed several factors to consider, including: (1) whether the plaintiff makes a prima facie showing of harm; (2) the

specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the necessity of the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *Combat Zone Corp. v. John/Jane Does 1-5*, 2012 U.S. Dist. LEXIS 154101, 2012 WL 5289736, at *1 (N.D. Tex. October 26, 2012) (citing *Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm Identified by Hash B7FEC872874D0CC9B1372ECE5ED07AD7420A3BBB*, 2012 U.S. Dist. LEXIS 137272, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012)).

**III.**   **Analysis**

This Court finds that Combat Zone has demonstrated good cause in that all five of the above factors weigh in favor of expedited discovery.

First, Combat Zone has made a prima facie showing of harm since it has made a prima facie showing of copyright infringement. Specifically, Combat Zone alleges that it owns the copyright at issue and that the Doe Defendants duplicated and distributed unauthorized and infringing copies of those works. Such allegations state a claim for copyright infringement. *See, e.g.*, *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). The first factor favors expedited discovery.

Second, the discovery request is specific. Combat Zone has identified two IP addresses that it alleges were used to distribute the copyrighted works at issue, and it seeks only the name, current (and permanent) addresses, telephone numbers, e-mail address and Media Access Control addresses of the subscriber associated with each of those IP addresses. The second factor favors expedited discovery.

Third, Combat Zone claims that there are no other practical measures it could take to identify the Doe Defendants. Due to the nature of online transactions, Combat Zone has no

3

alternative way of determining the Doe Defendants' identities except through a third-party subpoena. Indeed, 47 U.S.C. § 551 (the Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior consent of the subscriber or a court order. *See* 47 U.S.C. § 551(c)(2)(B). Since the ISPs here are also cable operators, Combat Zone has no other means to identify the Doe Defendants except through seeking this order. The third factor favors expedited discovery.

Fourth, the subpoenaed information is necessary to identify the Doe Defendants in order for Combat Zone to properly serve them. The fourth factor favors expedited discovery as well.

Fifth, the user's expectation of privacy will be protected by the Protective Order included below.

Accordingly, Combat Zone's motion for expedited discovery to serve subpoenas is **GRANTED**.

Combat Zone additionally requests, "[i]n the interest of judicial economy," an Order allowing it to propound limited discovery on the Doe Defendants once identified. Combat Zone has not provided any other good cause basis for such request. Judicial economy alone, in these circumstances, does not establish good cause for the Court to grant an exception to Federal Rule of Civil Procedure 26(d)(1). Accordingly, Combat Zone's motion for additional expedited discovery, on the basis stated, as to the Doe Defendants is **DENIED**.

## IV. Conclusion

For the reasons stated herein, the Court finds that Combat Zone's Motion for Expedited Discovery should be and is hereby **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth above.

Further, the Court enters the following Protective Order *sua sponte*. To protect the respective interests of the parties and non-parties and to facilitate the progress of disclosure and discovery in this case, **IT IS FURTHER ORDERED THAT**:

Combat Zone may immediately serve the Rule 45 subpoenas attached as Exhibit 2 of its Motion to Expedite (Dkt. No. 3) to obtain the names, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses of those individuals associated with the IP addresses listed in Exhibit 2 of the Complaint (Dkt. No. 1). Combat Zone must attach a copy of this Order to each such subpoena.

Each ISP will have twenty (20) days from the date of service of the Rule 45 subpoena to serve the identified Doe Defendants with copies of the subpoena and this Order. Each ISP may serve the Doe Defendants using reasonable means, including written notice sent to the Doe Defendant's last known address, using either email or overnight mail delivery.

The Doe Defendants shall have thirty (30) days from the date of service of the Rule 45 subpoena and this Order to file any motions with this Court contesting the subpoena as well as any request to litigate this subpoena anonymously. No ISP may turn over a Doe Defendant's identifying information period before such thirty-day period has lapsed. Further, if a Doe Defendant or ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Combat Zone until this Court rules on that motion. A Doe Defendant or ISP who moves to quash or modify, or to proceed anonymously, must immediately notify all ISPs so that the ISPs are on notice not to release any of the other Defendants' identifying information until the Court rules on that motion.

If the thirty day period expires without any motion contesting the subpoena, the ISPs will have ten (10) days thereafter to produce the subpoenaed information to Combat Zone.

Each ISP must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. Any ISP may file a motion to raise any undue burden caused by this preservation obligation.

Any information ultimately disclosed to Combat Zone in response to a Rule 45 subpoena may be used by Combat Zone only for the purpose of protecting its rights as asserted in its complaint. The information disclosed may only be used by Combat Zone in this litigation and may not be disclosed other than to counsel for the parties.

**So ORDERED and SIGNED this 21st day of December, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE